APPEARANCES
Plaintiff: Frederick R. Stann, Attorney, Gastonia, North Carolina; appearing.
Defendants: Young Moore and Henderson, P.A., Attorneys, Raleigh, North Carolina; Martin R. Jernigan, appearing.
 ***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and arguments of the parties. The appealing parties have not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Griffin and enters the following Opinion and Award:
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and that the Industrial Commission has jurisdiction of the parties and of the subject matter. *Page 2 
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. On July 20, 2005, the date of the injury, this cause was subject to the North Carolina Workers' Compensation Act.
4. An employment relationship existed between the employee and employer, Concept Steel Carolina Detailing.
5. On said date, the employer was insured by Stonewood Insurance Company.
6. Plaintiff's average weekly wage at the time of injury was $686.18, yielding a compensation rate of $457.48 pursuant to the Form 60 filed on August 4, 2005.
7. Plaintiff currently does not work for Defendants.
 ***********
The following were submitted to the Deputy Commissioner as:
 EXHIBITS
1. Stipulated Exhibit Number 1, Pre-Trial Agreement
2. Stipulated Exhibit Number 2, Medical Records
3. Stipulated Exhibit Number 3, Industrial Commission Forms and Filings
4. Stipulated Exhibit Number 4, Discovery Responses
5. Stipulated Exhibit Number 5, Prior Opinion and Award filed by the Deputy Commissioner on January 12, 2009
6. Stipulated Exhibit Number 6, Transcript of Evidence from prior hearing April 14, 2008
7. Stipulated Exhibit Number 7, Medical Expert Depositions, Transcripts admitted in prior hearing *Page 3 
8. Defendants' Exhibit Number 1, Surveillance Documentation
9. Defendants' Exhibit Number 2, Surveillance Tapes
10. Defendants' Exhibit Number 3, Employability Assessment
 ***********
The following were received into evidence before the Deputy Commissioner as:
 DEPOSITIONS
1. Oral deposition of Jerry Barron, M.D., taken on December 2, 2009.
2. Oral deposition of Mark Durlak taken on December 3, 2009.
3. Oral deposition of Steven Dibert, M.D., taken on December 4, 2009.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was a 49 year old high school graduate who was employed as an iron worker for Defendant-Employer.
2. On July 20, 2005, Plaintiff sustained an injury by accident when he fell approximately 12 to 15 feet from a steel beam onto a steel deck injuring his right shoulder, left knee, left ankle, back, head and neck. Defendants accepted Plaintiff's injuries to his right shoulder, left knee, and left ankle as compensable. The injury to the head was denied by Defendants.
3. On January 12, 2009, Deputy Commissioner Griffin entered an Opinion and Award which ordered Plaintiff to immediately begin the Wake Forest University Baptist Functional Restoration Program as directed by the authorized treating physicians. The January 12, 2009 *Page 4 
Opinion and Award explained that failure to comply with the program and the recommended treatment prescribed by the medical providers shall result in the suspension of Plaintiff's compensation until such unjustifiable refusal ceases.
4. On May 12, 2009, Special Deputy Commissioner Jennifer Boyer entered an Administrative Order suspending Plaintiff's ongoing temporary total compensations retroactive from April 2, 2009, for failure to attend the Functional Restoration Program.
5. On July 28, 2009, Plaintiff began the Functional Restoration Program at Wake Forest University Baptist Hospital. Dr. Feldman, the program director, and Mark Durlak, the physical therapist, evaluated Plaintiff and determined the Functional Restoration Program was appropriate for Plaintiff. On August 14, 2009, Plaintiff graduated and was discharged from the Functional Restoration Program.
6. At the time of his discharge from the Functional Restoration Program, Plaintiff was released to return to work at the medium physical demand level. Plaintiff cannot return to his previous job as an iron worker.
7. Plaintiff's treating orthopedic surgeon, Dr. Jerry Barron, opined Plaintiff was released to return to full duty work within the restrictions of the Functional Capacity Evaluation. During his 2009 post-hearing deposition, Dr. Barron had an opportunity to review portions of a surveillance tape. Based on his review of the surveillance tape, Dr. Barron opined Plaintiff's videotaped activities were consistent with the 2006 work restrictions he permanently assigned. Dr. Barron also encouraged Plaintiff to participate in vocational rehabilitation.
8. Plaintiff's treating neurologist, Dr. Steven Dibert, released Plaintiff to return to work from a neurological standpoint on October 11, 2006. Dr. Dibert noted Plaintiff's headaches had improved, but he still needed medication to treat headaches occasionally. Dr. Dibert opined *Page 5 
Plaintiff's headaches are not incapacitating and do not prevent Plaintiff from working. After reviewing portions of the surveillance tape, Dr. Dibert confirmed Plaintiff's activities performed on the tape are consistent with his assessment of Plaintiff's abilities. Dr. Dibert further opined Plaintiff is capable of working and participating in vocational rehabilitation.
9. Dr. Jeffrey B. Feldman, a licensed clinical psychologist and Director of Occupational Rehabilitation Program at Wake Forest University, confirmed Plaintiff completed the Functional Restoration Program. Based on the results of the Functional Restoration Program, Dr. Feldman opined Plaintiff is capable of returning to work from both a psychological and physical standpoint, and Plaintiff is capable of returning to work at the medium demand level.
10. Mark Durlak, physical therapist with the Functional Restoration Program, indicated Plaintiff fully participated in the program. After completion of the Program, it was determined that Plaintiff is capable of performing full-time work at the medium demand level.
11. All of the competent medical evidence of record establishes Plaintiff is capable of performing full-time work at the medium physical demand level. As of the date of their medical depositions in December 2009, none of Plaintiff's treating physicians had written him out of work as a result of his compensable injuries.
12. Since his release from the Functional Restoration Program, Plaintiff has not sought any employment. Plaintiff has a high school education and has been released by all of his treating physicians to return to full-duty medium demand level work. In fact, Plaintiff's treating physicians opined it would be beneficial for Plaintiff to work within his restrictions. Plaintiff has failed to provide any competent evidence of record that based on his pre-existing conditions, i.e., age, inexperience, or lack of education, that it would be futile to seek other employment. Thus, Plaintiff is not entitled to continuing total disability benefits. *Page 6 
13. Plaintiff's family physician, Dr. Schenk, has prescribed medications which Plaintiff contends are causally related to his compensable injury. There is no medical evidence of record to establish a causal connection between the prescription medications provided by Dr. Schenk and Plaintiff's compensable injury.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On July 25, 2005, Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with Defendant-Employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to have his temporary total disability benefits reinstated for the period in which he attended and complied with the Functional Restoration Program at Wake Forest University.
3. Plaintiff may meet his burden of proving disability in one of four ways: (1) the production of medical evidence that he is physically or mentally, as a consequence of the work-related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but it would be futile because of pre-existing conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury. Russell v. Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1993). In this case, Plaintiff has failed to establish disability under any of the prongs ofRussell. The medical evidence establishes Plaintiff *Page 7 
is capable of full-time work in the medium demand level. There is no competent evidence of record that Plaintiff has attempted to locate any employment since he was released to medium level work. Additionally, there is no competent evidence of record to establish he is capable of some work, but it would be futile because of pre-existing conditions, i.e., age, inexperience, lack of education, to seek other employment. Thus, Plaintiff is not entitled to continuing total disability benefits following his release from the Functional Restoration Program.
4. Plaintiff has failed to establish a causal relationship between the prescription medications provided by Dr. Schenk and Plaintiff's compensable injury. Therefore, Defendants are not responsible for payment of said prescription medications.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission makes the following:
 AWARD
1. Subject to a reasonable attorney's fee approved herein, Defendants shall pay Plaintiff total disability benefits at the weekly compensation rate of $457.48 for the period of July 28, 2009, to August 14, 2009. Said amount has accrued and shall be paid in one lump sum.
2. Plaintiff's request for additional total disability compensation is hereby DENIED.
3. Plaintiff's request for payment of the prescription medication provided by Dr. Schenk is hereby DENIED.
4. A reasonable attorney's fee of twenty-five percent (25%) of the accrued compensation due Plaintiff under Paragraph 1 of this Award is hereby approved for Plaintiff's counsel and shall be paid in one lump sum directly to Plaintiff's counsel.
5. Defendants shall bear the costs. *Page 8 
This the 9th day of November, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ PAMELA T. YOUNG CHAIR *Page 1